The Chief Justice
delivered the opinion of the court.
In December, 1815, Letcher filed his bill, alledging that in May, 1803, he purchased of Cosby three lots in the town of Louisville, at the price of $150, for the payment of which he gave his obligation, and took from Cosby a bond for the conveyance of the lots with general warranty: that he has paid off and lifted his obligation for the price, and has lost the bond on Cosby for the conveyance of the lots: that he made valuable improvements upon the lots, and retained the possession of them until 1804, when he moved from the county of Jefferson: that Burriss shortly after took possession of them, and in 1805 fraudulently obtained from Cosby a deed of conveyance therefor, without paying any thing to Cosby: that Burriss has conveyed, for a valuable consideration, one of the lots to Allen, who was ignorant of his claim, and the other two to Coulter, who had notice of his claim, but who has since conveyed to others who purchased without notice: and that the lots have greatly increased in value. He made Cosby, Burriss and Coulter defendants, and prayed that they, or some of them, especially Burriss, might be compelled to pay him the value of the lots, and for general relief.
Tho’a contract for lands be verbal, yet if fair and the price paid, & the vendee has received the title from a third person in whom it rested, chancery will not interfere to relieve a vendor. Vid. 1 Marsh. 166, acc.
Coulter was not served with process. The other defendants were and are served.
Cosby admits the sale of the lots to Letcher and the payment of the price by him, but alledges that he was informed by Letcher that he had sold the lots to Burriss, to whom Letcher directed him to make the conveyance, and he admits that he had done so.
Burriss alledges that he purchased the lots of Letcher at the price of l. 100; paid him $200 in hand; was put into the possession of the lots in consequence of the contract, and has since settled the residue of the price, and that it was a part of his contract that he was to look to Cosby for the title; but he exhibits no written evidence of the contract. He admits that he obtained the conveyance of Cosby without paying him any thing therefor, and that he has sold and conveyed the lots to others, as stated in the bill; and he relies upon other matters not necessary, from the view we have of the case, to be stated.
On a final hearing the circuit court dismissed the bill, and Letcher has brought the case to this court by writ of error.
The facts alledged by Burriss, in his answer, are sufficiently verified by the evidence in the record. His purchase from Letcher appears to have been made without fraud, and at a fair and full price; and although the contract was a verbal one, and consequently could not have been enforced by a suit, it does not follow that the contract will not afford grounds for a valid defence under the circumstances of this case. The statute against frauds and perjuries does not make a verbal contract for the sale of land void. It only provides that no action shall be brought upon such a contract. While, therefore, it denies the remedy to enforce a contract of that sort, it leaves its moral obligation in full force, and it would certainly be inconsistent with the principles upon which a court of chancery invariably acts, to lend its aid in opposition to the moral equity of the case.
Had there been any fraud imputable to Burriss or Cosby, the case would have presented a different aspect; but there is not in the record the slightest proof tending to justify even a suspicion of fraud. At the time of the transaction, indeed, the prevailing opinion of the country, founded upon the construction the English courts had given to the British statute against frauds, was, that a verbal contract for the sale of land, in part executed like the present, by the *108 payment of the price and the delivery of possession, would enforced by a court of equity.
Littell and Haggin for plaintiff, Pope for defendants.
There is therefore but little doubt that Burriss, in receiving the conveyance, acted from a conviction of his right, and that Cosby, in making the conveyance, was influenced by a sense of duty.
If Letcher, then, could have any relief, what would be its nature and extent? He cannot obtain the title, because it has passed into the hands of innocent purchasers; and as Burriss and Cosby have been guilty of no fraud, the only relief which he could have against them would be the amount of the consideration he had paid. But he has already received more than that in the price paid by Burriss.
Decree affirmed with costs.